IMG-151                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4809
_____

FENG YING LI,
                                                    Appellant
                              v.

THE ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077 234 282)
Immigration Judge:  Honorable Paul Grussendorf

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010

Before:  FUENTES, ROTH AND VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 12, 2010)
_____

OPINION
_____

PER CURIAM

        Feng Ying Li, a citizen of the People's Republic of China, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying her second and third

motions to reopen her immigration proceedings.  For the reasons below, we will deny in

part, and grant in part, the petition for review.

Li was ordered removed in September 2002 after the BIA affirmed the denial of her applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). In 2005, Li moved to reopen the proceedings to file a successive asylum application based on the birth of her second child. The BIA denied the motion and we denied her petition for review. See Li v. Att'y Gen., 321 Fed. Appx. 143 (3d Cir. 2009). In the meantime, Li filed her second and third motions to reopen alleging changed conditions in China. The Board denied both motions, finding that they were untimely and that no exceptions to the time-bar were applicable. See 8 C.F.R §§ 1003.2(c)(2) and (c)(3). Li filed a timely petition for review.

We have jurisdiction pursuant to the Immigration and Nationality Act ("INA") § 242 [8 U.S.C. § 1252]. We review the denial of a motion to reopen for abuse of discretion. See Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements do not apply to motions that rely on evidence of "changed country conditions," INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)], or "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3). The term "previous hearing"

2

in § 1003.2(c)(3)(ii) refers to the proceedings before the IJ. See Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006).

Li does not dispute that her motions to reopen were untimely. Instead, she attempts to establish that there has been "a substantial change in country conditions as it relates to the enforcement of China's coercive one-child family planning policy." Petitioner's Brief, 21. In both motions to reopen, Li argued that the Department of State's 2007 Profile of Asylum Claims and Country Conditions in China ("2007 Profile") was based on allegedly faulty translations of the Population and Family Planning Regulations of Fujian Province ("Family Planning Regulations"). Administrative Record ("A.R.") 44, 71, 279, 281. As a result, according to Li, the 2007 Profile "downplay[ed] . . . [the] coerciveness in China's population control policy." A.R. 71, 281. Li argues that the errors constituted a "change in understanding of country conditions, sufficient at least, to warrant reopening." Petitioner's Brief, 37.

The BIA properly concluded that the purported errors, even if proven, were minor and would not change the outcome in Li's case if the proceedings were reopened.[1] Li believes that she will be persecuted for violating China's family planning policies because she gave birth to a second child in the United States. The 2007 Profile states that children

---

[1] The BIA also concluded that Li's claim failed because "none of [its] . . . prior decisions in this case were based on any aspect of the noted 2007 [Profile]" and because her "personal statement is insufficient to establish that claim, absent actual evidence that the Department of State has retracted or corrected the conclusions reached in the 2007 Profile." We express no view on these alternative theories.

born abroad are not counted against the number of children allowed under China's family planning laws. A.R. 230. Significantly, this conclusion is based on an October 2006 letter from the Population Family Planning Commission of Fujian Province, not on the allegedly mistranslated Family Planning Regulations. A.R. 230. In fact, despite the purported faulty translation of those Regulations, the 2007 Profile acknowledged the possible use of forced abortion and sterilizations in China. A.R. 226-27.

In support of her changed country conditions claim, Li submitted numerous documents, including academic and news articles, Chinese government policy materials, State Department reports, and Congressional testimony. A.R. 82-83, 315. The Board concluded that the evidence did not warrant reopening. Li suggests that the BIA's analysis was inadequate because it "failed to discuss or analyze much of the evidence presented." Petitioner's Brief, 20. We agree. See Zheng v. Att'y Gen., 549 F.3d 260, 268-69, 271 (3d Cir. 2008) (vacating the BIA's denial of motions to reopen based on changed country conditions in China because the BIA failed to thoroughly discuss the evidence submitted by the petitioners or explain why it was not sufficient). The Board provided only general explanations for its conclusion that the evidence Li submitted was insufficient to support reopening.[2] See id. at 268 (noting that while the Board need not

---

[2] For instance, the Board began by simply stating, "[t]he respondent has offered no evidence of changed country conditions or circumstances in China which would warrant reopening despite the time and numerical bars on motions to reopen." Later in its opinion, the BIA "note[d] that the evidence submitted by the respondent in support of her claim of changed country conditions is not new, and does not support reopening." In

(continued...)

4

"parse or refute on the record each individual . . . piece of evidence offered by the petitioner, " it "'should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." Id. at 268 (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). In the context of determining whether sua sponte reopening was warranted, the BIA categorically rejected evidence which predated its decisions in Matter of S-Y-G-, 24 I. & N. Dec. 247 (BIA 2007) and Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007). Relying on those decisions may not have been an abuse of discretion, but only to the extent that Li's evidence was identical or similar to that considered in those cases. The Board did not address, in a summary fashion or otherwise, the significant portion of evidence that either was not addressed in Matter of S-Y-G- and Matter of J-W-S-, or postdated those decisions.[3] See Zheng, 549 F.3d at 271 n.7 (holding that "where the evidentiary record

[2](...continued)
conclusion, the Board held that "the record is devoid of evidence supporting the respondent's implicit claim that she will be persecuted upon her return to China because of the birth of her daughter in the United States, and she has failed to submit new and material evidence in this regard."

[3] This evidence included, inter alia, a 2003 document titled "Answers to People's Visits and Letters Regarding Birth Policy Issues for Chinese Staying Abroad," issued by the "State Family Planning Commission, which stated that "[f]or those Chinese citizens who have not obtained permanent or long term residency status in a foreign country[,] . . . [i]f they violate the family planning policies issued by China's local authorities where their residency is registered, their Birth cases will be handled according to China's family planning regulations after they return to China," A.R. 87. In addition, a 2005 "Official Directive" issued by the Lianjiang County Guantou Township Committee indicated that "all the returning oversea[s] Chinese who do not have citizenship[] of other countries, shall follow the laws and regulations regarding family planning of the state and Fujian
(continued...)

5

contains documents that were not at issue in an earlier decision, mere reference to that earlier decision is insufficient to warrant adopting its conclusions.").

In addition, the BIA indicated that reopening was not warranted because Li's fear of being sterilized was the "exact same claim she proffered in her asylum application." The relevant question, however, is not whether a new theory of persecution is offered, but instead, whether the "evidence is material and was not available and would not have been discovered or presented at the previous hearing." See § 240(c)(7)(C)(ii). In that connection, the Government contends that Li's evidence is not new, noting that "of the twenty documents attached to the Third Motion to Reopen . . ., thirteen of them predated the First Motion to Reopen that was filed" in June 2005. Even assuming that evidence is not new if it could have been presented in a prior motion to reopen, cf. Filja, 447 F.3d at 252, the Board failed to consider several documents which were not available when Li filed her first motion to reopen.

Of the few documents that the BIA did specifically consider, it improperly excluded two for lack of authentication. In particular, the Board rejected a notice addressed to Li from the Village Committee of Tangxia Village stating that she is a "candidate for sterilization," and a letter from her parents claiming that Li will be sterilized if returned to China. Failure to authenticate a document under 8 C.F.R. § 287.6 is not an absolute rule of exclusion. See Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir.

_____

[3](...continued)
Province," A.R. 110.

6

2004).  Although the Board stated that the notice did not "bear any indicia of reliability," Li asserts, without objection from the Government, that she submitted the original document, which contained an official seal from the village committee.  The BIA also cited the lack of an envelope, stating that Li had not "identified how the [notice] was obtained, nor has she explained the chain of custody regarding the same."  Notably, however, the letter from Li's parents states, "Your [H]onor, today we have mailed to you the notice and relevant regulations regarding family planning from the family planning office in Guantou Township."  See Niang v. Mukasey, 511 F.3d 138, 147 (2d Cir. 2007) (holding that "IJ's rejection of [petitioner's] explanation for the provenance of the [refugee identity card] does not comport with our requirement that the agency give specific, cogent reasons for rejecting the petitioner's testimony." (internal quotation marks omitted)); Marynenka v. Holder, 592 F.3d 594, 601 (4th Cir. 2010) (noting that "with respect to the chain of custody, the rules of evidence do not apply strictly in administrative adjudications of immigration cases, and here the immigration judge . . . offer[ed] no other [valid] reason to doubt the authenticity of the document." (internal quotation marks omitted)).  The Board also doubted the authenticity of the notice because Li did not "introduce[] evidence that a village committee is authorized to render and execute decisions regarding China's birth control policies."  This conclusion ignores the 2007 Profile's observation that the "implementation of birth planning policies in villages, the situation relevant to most asylum applicants, is the responsibility of local officials." A.R. 223.

For the foregoing reasons, we will deny in part the petition for review as it relates to Li's allegations of translations errors. In all other respects consistent with this opinion, we will grant the petition for review, vacate the BIA's order, and remand the matter to the Board for it to reconsider the motion to reopen and provide a more thorough analysis of the evidence submitted. We express no opinion as to the ultimate outcome.