**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1751
_____

FENG YING LI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77 234 282)
Immigration Judge:  Honorable Paul Grussendorf
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 21, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

(Opinion filed: October 5, 2011)
_____

OPINION
_____

PER CURIAM.

Feng Ying Li petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which, following remand by this Court, again denied her second and

third motions to reopen her immigration proceedings.  We will deny the petition for

review.

Li is a citizen of the People's Republic of China who entered the United States in 1998. She was ordered removed in 2002, when the BIA affirmed the denial of her applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Li's first motion to reopen, filed in 2005, was based on the birth of her second child. The BIA denied the motion and we denied her petition for review. See Li v. Att'y Gen., 321 F. App'x 143 (3d Cir. 2009).

In the meantime, Li filed her second and third motions to reopen, alleging changed conditions in China with respect to the government's enforcement of its population control policies. She supported those motions with numerous documents, including academic and news articles, Chinese government policy materials, State Department reports, and Congressional testimony. The Board denied both motions, and Li filed a timely petition for review. Because "[t]he Board provided only general explanations for its conclusion that the evidence Li submitted was insufficient to support reopening," we granted the petition for review and directed the BIA to "provide a more thorough analysis of the evidence submitted."[1] Li v. Att'y Gen., 373 F. App'x 280, 282, 284 (3d Cir. 2010).

---

[1] We did conclude, however, that purported translation errors in the Department of State's 2007 Profile of Asylum Claims and Country Conditions in China ("2007 Profile"), even if proven, were minor and would not change the outcome of Li's case if the proceedings were reopened. Therefore, we denied the petition for review as it related to the alleged translation errors.

On remand, the Board notified the parties that the case had been placed on the docket for adjudication. Although the Board did not invite evidentiary submissions or briefing, Li provided numerous additional documents, totaling several hundred pages. The Board declined to consider these documents, noting that the "submissions facially have numerous evidentiary issues, and [that Li] . . . has failed to provide any basic explanation as to their relevance." With respect to the evidence that Li had submitted with her second and third motions to reopen, the Board again held that Li had failed to establish a change in country conditions so as to create an exception to the time limitation on filing motions to reopen. For example, the BIA concluded that several of the documents did not support reopening because they were either incomplete, partially illegible, duplicative of material considered by the Board in published decisions, lacked certificates of translation, or otherwise undermined Li's changed country conditions claim. The Board also concluded that a letter from Li's parents was "facially suspect" because it contained inconsistencies concerning the age of Li's children. Similarly, the Board determined that a village committee notice addressed to Li was of "limited evidentiary value" because Li failed to explain, inter alia, why it was issued 10 years after she departed China. Consequently, the BIA denied the motions to reopen. Li filed a timely petition for review.

We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252]. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d

3

241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements do not apply to motions that rely on evidence of "changed country conditions," INA § 240(c)(7)(C)(ii) [8 U.S.C. § 1229a(c)(7)(C)(ii)], or "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3).

In her brief, Li focuses on the Board's alleged failure to address evidence that she submitted to the BIA following our remand (the "post-remand evidence").[2] Importantly, however, the BIA did not fail to address this evidence. Instead, the Board specifically considered the evidence, noted numerous procedural and substantive problems with it, and ultimately "declined to consider the [evidence] any further." We conclude that this was not an abuse of discretion.

Notably, our remand order did not require that the Board permit the parties to submit additional evidence, and the Board did not request such submissions following

_____

[2] This evidence included news articles, internal government documents from Li's hometown, and a report authored by Dr. Flora Sapio, which challenged the validity of the Department of State's 2007 Profile of Asylum Claims and Country Conditions in China ("2007 Profile")."

4

our remand. In addition, Li did not move to supplement her pending motions to reopen, she did not file a new motion to reopen, and, significantly, she did not provide any argument or explanation to the BIA concerning the relevance of the post-remand evidence.[3] Cf. BIA Practice Manual Ch. 3.3(e)(iii) (2004) (directing that "[w]hen a party submits voluminous secondary source material, that party should highlight or otherwise indicate the pertinent passages of that secondary source material."). Rather, without permission from the Board, Li simply submitted over 700 pages of indexed material, under cover pages generically entitled "Submission in Support of Remand." As the Board observed, many of these documents suffered from evidentiary issues: some appeared to have been prepared for presentation in another case; some were poorly copied or illegible; and some were supported by photocopies of a single, generic certificate of translation that failed to identify the documents to which it pertained, failed to include the date of translation, and failed to include an original signature of the translator. See 8 C.F.R. § 1003.33 (describing requirements for translation of documents). Furthermore, many of the documents pertained to enforcement of family planning policies in places other than Li's hometown. Under these circumstances, we conclude that the BIA did not abuse its discretion in declining to consider the post-

---

[3] In this connection, we lack jurisdiction to consider Li's arguments that the post-remand evidence warrants reopening. INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Lin v. Att'y Gen., 543 F.3d 114, 120-21 (3d Cir. 2008).

remand evidence.[4] See Garcia v. Holder, 621 F.3d 906, 913 (9th Cir. 2010) (holding that BIA has discretion whether to consider a supplemental brief and exhibit submitted in support of a motion to reopen).

For the foregoing reasons, we will deny the petition for review.

---

[4] To the extent that Li faults the BIA for failing to adequately consider evidence submitted with her motions to reopen, we likewise conclude that the BIA did not abuse its discretion. The Board corrected the deficiencies we identified in its previous order, discussed the evidence in detail, and reasonably concluded that it did not demonstrate a change in country conditions in China regarding enforcement of its family planning policies. Liu v. Att'y Gen., 555 F.3d 145, 149 (3d Cir. 2009).