**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3566
_____

FENG YING LI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-234-282)
Immigration Judge:  Honorable Paul Grussendorf

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2014
Before:  CHAGARES, GARTH and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 4, 2014)
_____

OPINION
_____

PER CURIAM

Feng Ying Li ("Li") petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") decision denying her fifth motion to reopen removal proceedings. For the following reasons, we will grant her petition.

I.

Li is a citizen of China who entered the United States in 1998. She was ordered removed in 2002, when the BIA affirmed the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture. Li's first motion to reopen, filed in 2005, was based on the birth of her second child. The BIA denied her motion, and we denied Li's petition for review. See Li v. Att'y Gen., 321 F. App'x 143 (3d Cir. 2009).

Meanwhile, Li filed her second and third motions to reopen, in which she alleged changed conditions in China with respect to the Chinese government's enforcement of its population control policies. She supported those motions with voluminous documents, including academic and news articles, Chinese government policy materials, State Department reports, and Congressional testimony. The BIA denied both motions, and Li filed a petition for review. Because "[t]he Board provided only general explanations for its conclusion that the evidence Li submitted was insufficient to support reopening," we granted Li's petition and directed the BIA to "provide a more thorough analysis of the evidence submitted."[1] Li v. Att'y Gen., 373 F. App'x 280, 282, 284 (3d Cir. 2010).

_____

[1] However, we did conclude that the purported translation errors in the State

2

Upon remand, Li submitted numerous additional documents, totaling several hundred pages. The BIA declined to consider these documents. With respect to the evidence Li had submitted with her second and third motions to reopen, the Board again held that Li had failed to establish changed country conditions to create an exception to the time limitation on filing motions to reopen. Accordingly, the BIA denied Li's motions. Li filed a timely petition for review, which we denied. See Li v. Att'y Gen., 446 F. App'x 501 (3d Cir. 2011).

In April 2013, Li filed a fifth[2] motion to reopen, again seeking relief based upon changed country conditions in China. In her motion, she claimed that she had joined the Party for Freedom and Democracy in China ("PFDC") in the United States in October 2012 and that the Chinese government has become aware of her political activities. The Board denied her motion for three reasons: (1) Li's decision to join the PFDC was a change in personal circumstances and not a change in country conditions; (2) Li's evidence did not establish a change in conditions since her hearing before the IJ in 1999; and (3) Li failed to submit sufficiently reliable evidence to support her claim that her personal situation had changed because officials had become aware of her political activities. This petition for review followed.

_____

Department's 2007 Profile of Asylum Claims and Country Conditions in China, even if proven, were minor and would not change the outcome if Li's removal proceedings were reopened. Accordingly, we denied Li's petition with regard to these alleged errors.

[2] The BIA denied Li's fourth motion to reopen in 2012; however, Li did not file a petition for review of that decision.

## II.

We have jurisdiction under 8 U.S.C. § 1252. We review denials of motions to reopen under a deferential abuse of discretion standard and will not disturb the decision "unless [it is] found to be arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted). Generally, an alien may file only one motion to reopen and must file it with the BIA "no later than 90 days after the date on which the final administrative decision was rendered[.]" 8 C.F.R. § 1003.2(c)(2). The time and number requirements are waived for motions to reopen that are "based upon changed country conditions proved by evidence that is material and was not available and could not have been discovered or presented at the previous proceeding." Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011).

Li does not dispute that her motion to reopen, her fifth, was filed more than 90 days after the BIA's final decision. Rather, she asserts that the BIA abused its discretion by selectively considering the evidence to find that she failed to establish changed country conditions. The BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006) (citations and internal quotation marks omitted). However, the BIA is required to consider a party's evidence of changed country conditions, and it "should provide us with more than cursory, summary or conclusory statements, so that

4

we are able to discern its reasons for declining to afford relief to a petitioner." Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang, 437 F.3d at 275).

The Board reviewed, among the evidence that Li submitted, a membership card for the PFDC, news articles from late 2012 and early 2013, a letter from Li's mother, and the State Department's 2007 Profile of Asylum Claims and Country Conditions in China ("2007 Profile"). It then discussed the news articles and the 2007 Profile to support its finding that Li's evidence was inadequate to demonstrate the existence of changed country conditions.[3] However, the BIA did not consider any more recent Country Reports for Human Rights Practices in China ("Country Reports") issued by the Department of State. In particular, the BIA could have considered, but did not consider, available Country Reports from 2008 through 2012. See 8 C.F.R. § 1003.1(d)(3)(iv); see also Sheriff v. Att'y Gen., 587 F.3d 584, 591-92 (3d Cir. 2009) (noting that "[t]he commentary to [8 U.S.C. § 1003.1(d)(3)(iv)] explicitly envisions that the BIA will consider Country Reports") (alteration in original).

Li argues the Board erred by failing to find the existence of changed country conditions, but we cannot assess that claim on the current record. As noted by the agency, the 2007 Profile and the 1998 Profile, both of which are included in the record,

---

[3] We agree with the BIA that Li's decision to join the PFDC constitutes a change in personal circumstances rather than country conditions, as Li's "choice to engage in such political activities after being ordered deported does not support application of the changed country conditions exception." Khan v. Att'y Gen., 691 F.3d 488, 497 (3d Cir. 2012); see also Liu v. Att'y Gen., 555 F.3d 145, 150-51 (3d Cir. 2009).

discuss the treatment of political activists in China. The information contained in these Profiles indicates that treatment of political activists in 2007 was substantially similar to how political activists were treated in 1999. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004) (country reports described as the "most appropriate" and "perhaps best resource" on country conditions). However, we must remand because BIA has not adequately considered whether more recent Country Reports provide evidence that the treatment of political activists in China has worsened. Under the circumstances of this case, relying on an outdated report to rule on Li's motion was unreasonable. On remand, to evaluate the conditions that Li would face on her return, the BIA should consider the more recent reports,[4] alone and in conjunction with Li's other evidence, including the letter Li submitted from her mother detailing how the Chinese police told her that Li would face punishment in China for her political activities.[5]

III.

---

[4] The BIA may wish to consider the most recent report available at the time when it rules again on Li's motion.

[5] On remand, the BIA may also again consider, also in light of all the evidence, whether Li established a prima facie case for asylum relief. See Sevoian v. Ashcroft, 290 F.3d 166, 169-70 (3d Cir. 2002) (citing INS v. Abudu, 485 U.S. 94, 105 (1988) (stating that the Board may deny a motion to reopen in asylum cases where it determines that "the movant would not be entitled to the discretionary grant of relief")).

6

For these reasons, we grant the petition for review and vacate the BIA's decision. We remand this matter to the BIA for further proceedings consistent with our opinion.[6]

---

[6] In directing a fuller analysis of all the evidence, we express no opinion regarding the ultimate outcome of the administrative proceedings.